592 A.2d 570

JOSEPH L. PICOGNA, PETITIONER–RESPONDENT, v. BOARD OF EDUCATION OF THE TOWNSHIP OF CHERRY HILL, CAMDEN COUNTY, RESPONDENT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued May 29, 1991—Decided July 2, 1991.

---

state highways. *N.J.S.A.* 27:7–91a. The code has not been adopted as of May 21, 1991. *See* 23 *N.J.R.* 1525 (1991).

Before Judges MICHELS and BRODY.

*Russell J. Schumacher* argued the cause for appellant Board of Education of the Township of Cherry Hill (*Rand, Algeier, Tosti & Woodruff,* attorneys; *Robert M. Tosti,* of counsel and on the brief; *William S. Miller* and *Russell J. Schumacher,* on the brief).

*Paul E. Griggs* argued the cause for respondent Joseph L. Picogna.

*Robert J. Del Tufo,* Attorney General, attorney for New Jersey State Board of Education (*Marlene Zuberman,* Deputy Attorney General, on statement in lieu of brief).

The opinion of the court was delivered by

BRODY, J.A.D.

The Cherry Hill Board of Education (Board) appeals from a final decision of the State Board of Education dismissing Joseph Picogna's petition. Petitioner had sought relief from the Commissioner of Education based upon his allegedly wrongful dismissal by the Board. The State Board's action allows the Chancery Division to adjudicate a parallel civil suit that petitioner had commenced shortly before he filed his petition with the Commissioner. Petitioner prefers to litigate the issues in the Chancery Division where he may be entitled by statute to punitive damages and attorney's fees not recoverable in an action before the Commissioner. He nevertheless filed a petition with the Commissioner as well because he was not certain which tribunal had jurisdiction to hear the matter.

The Board terminated petitioner's employment as Assistant Superintendent for Business/Board Secretary before the expiration of his three-year contract. Had his employment run the full three years, he would have attained tenure under the school laws. Petitioner claims that the termination was unlawful under the contract, under the Federal and State Constitutions, and under the Conscientious Employee Protection Act, *N.J.S.A.* 34:19-1 *et seq.* (CEP Act). The last claim is based upon the allegation that he was dismissed in retaliation for reporting alleged improprieties of his superior, the Superintendent of Schools.

The Chancery Division judge stayed the suit pending a determination of the issues raised in the petition before the Commissioner.

The Commissioner referred the matter to the Office of Administrative Law. Petitioner then moved before an Administrative Law Judge (ALJ) to dismiss his own petition so that the Chancery Division suit could proceed free of the Board's claim that he must first exhaust administrative remedies. The ALJ dismissed petitioner's claim for relief under the CEP Act because *N.J.S.A.* 34:19-8 of that act deemed his Chancery Divi-

sion claim for relief under the same act a waiver of his right to raise essentially the same claim in his later petition before the Commissioner. The ALJ further determined that the statutory waiver did not extend to the other claims in the petition. However, he concluded that by moving to dismiss, petitioner had in effect "withdrawn" those claims.

The Commissioner agreed with the ALJ that petitioner had waived his claim for relief from him under the CEP Act, but concluded that his other claims must be "dismissed for lack of jurisdiction rather than being withdrawn without prejudice by petitioner." The State Board affirmed the Commissioner's decision. We agree and affirm.

The Commissioner has "jurisdiction to hear and determine without cost to the parties, all controversies and disputes arising under the school laws...." *N.J.S.A.* 18A:6–9. The Board argues that the present dispute arises under the school laws because if it had wrongfully terminated petitioner's employment it thereby prevented him from attaining tenure under the school laws. We reject the argument.

The contract claim of a nontenured school employee does not arise under the school laws simply because its outcome may later enable him to attain tenure under the school laws. *See Board of Ed., E. Brunswick Tp. v. Township Council, E. Brunswick*, 48 *N.J.* 94, 102, 223 *A.*2d 481 (1966) ("Where the controversy does not arise under the school laws, it is outside the Commissioner's jurisdiction even though it may pertain to school personnel.") Whether petitioner's employment was wrongfully terminated under the contract and under the CEP Act is for the court, not the Commissioner, to decide.

We are satisfied from a careful review of this record that the other issues raised are clearly without merit and require no further discussion. *R.* 2:11–3(e)(1)(E).

Affirmed.